# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
# DOCKET NO. 3:17-CR-00031-MOC-DCK

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| vs. | ) |
| | ) **ORDER** |
| MAGGIE ELIZABETH SANDERS, | ) |
| | ) |
| Defendant. | ) |
| | ) |

**THIS MATTER** comes before the Court on Defendant's *pro se* Motion for Compassionate Release, Doc. No. 51. Defendant seeks release based on the COVID-19 pandemic and her increased likelihood of death or serious illness due to her preexisting health condition and the state of her place of incarceration. See id. at 2. In support, she asserts she has completed several rehabilitative programs, she is "no threat or danger the community," she has a loving family, and she has a home plan upon release. See id. at 2–4. But she does indicate when or whether she asked the Bureau of Prisons to file a compassionate release request on her behalf.

By its terms, 18 U.S.C. § 3582(c)(1)(A)(i) authorizes criminal defendants to request compassionate release from imprisonment based on "extraordinary and compelling reasons." But before doing so, they must at least ask the Bureau of Prisons to do so on their behalf and give the Bureau thirty days to respond. See United States v. Raia, 954 F.3d 594, 595 (3d Cir. 2020). Here, Defendant has not shown that he exhausted available administrative remedies by first asking the Bureau to file a compassionate release request on his behalf. The Bureau shares this Court's "desire for a safe and healthy prison environment." Id. at 597. Given the Attorney General's directive that the Bureau "prioritize the use of [its] various statutory authorities to grant home confinement for inmates seeking transfer in connection with the ongoing COVID-19 pandemic,"

the Court is confident that the Bureau will speedily resolve Defendant's compassionate release request. Id. (quoting Memorandum from Attorney Gen. to Dir., Bureau of Prisons 1 (Mar. 26, 2020)). Because Defendant has failed to show he exhausted administrative remedies provided by the Bureau, the Court declines to exercise any discretion it may have to modify his term of imprisonment at this time. See, e.g., United States v. Vigna, No. 16-CR-786, 2020 WL 1900495, at *6 (S.D.N.Y. Apr. 17, 2020) (declining to address the exhaustion question and requiring a defendant to file a compassionate release request with the Bureau).

If Defendant chooses to refile her motion after exhausting available remedies, she should supply any supporting evidence that can offer showing why her case warrants compassionate release—including evidence of his personal health, criminal history, prison disciplinary record, and likely danger to the community if released.

## ORDER

**IT IS, THEREFORE, ORDERED** that Defendant's *pro se* Motion for Compassionate Release, Doc. No. 51, is **DENIED**.

Signed: August 27, 2020

Max O. Cogburn Jr
United States District Judge