UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:17-cr-31-MOC-DCK-1

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | |
| | ) | |
| Vs. | ) | ORDER |
| | ) | |
| **MAGGIE ELIZABETH SANDERS,** | ) | |
| Defendant. | ) | |

**THIS MATTER** is before the Court on Defendant's pro se Second Motion for Compassionate Release/Reduction of Sentence. (#54). Defendant, a 40-year-old white female who suffers from various medical ailments, seeks early release from prison under 18 U.S.C. § 3582(c)(1)(A) based on the COVID-19 pandemic. The Government has responded in opposition to the motion.

### I. BACKGROUND

Defendant is serving a 132-month sentence after pleading guilty in this Court to conspiracy to distribute and possess with intent to distribute more than 100 grams of heroin and conspiracy to launder criminally derived proceeds. Defendant is incarcerated at Waseca FCI in Waseca, Minnesota, and her projected release date is May 25, 2026. In November 2020, while incarcerated, Defendant was disciplined for possessing drugs and alcohol.

Before Defendant committed the federal drug and money-laundering crimes giving rise to the sentence from which she now seeks relief, Defendant received convictions for numerous different offenses in North Carolina state court. (Doc. No. 26 at 19–21: PSR). She was

convicted, for example, of possession with intent to sell and deliver cocaine and received a suspended prison sentence and supervised probation. (Id. at 20). She violated that probation after her state conviction. (Id.).

In 2016, Defendant participated in a large heroin-distribution organization in western North Carolina, distributing heroin regularly on the organization's behalf. (Id. at 7–8, 13–14). She obtained heroin from other members, mixed it with cutting agents, and distributed it in exchange for money; received drug proceeds and forwarded them to other members of the organization; allowed her own home to be used as a "drug stash house"; and owned a firearm for the protection of drugs and other assets. (Id. at 7–8).

Defendant was arrested in April 2016 and admitted her participation in the drug-trafficking operation. (Id. at 1, 7, 21). After she was released on bond, Defendant continued to work for the drug-trafficking organization, picking up large quantities of heroin from suppliers, preparing drugs for shipment, and transferring drug proceeds to other organization members. (Id. at 1, 13–14). Defendant was responsible for more than three kilograms of heroin. (Id. at 16).

In February 2017, Defendant pleaded guilty in this Court to conspiracy to distribute and possess with intent to distribute more than 100 grams of heroin, 21 U.S.C. §§ 841(a)(1), (b)(1)(B); 846, and conspiracy to launder criminally derived proceeds, 18 U.S.C. § 1956(a)(1)(B)(i). On June 20, 2017, this Court sentenced Defendant to 132 months of imprisonment, explaining that it fashioned the sentence it chose "based on all of the 3553(a) factors." (Doc. No. 48 at 59–60, 64–65: Sentencing Tr.). The Court explained that the sentence would "promote respect for the law, provide just punishment for [the] offense, protect people

from further crimes of this defendant" and "deter other people who may think this is a good idea." (Id. at 60). The Court also explained that its chosen sentence would "avoid unwarranted sentencing disparity" and that the Court took "into consideration all of the defendant's characteristics." (Id. at 60–61). The Court explained that the statutory factors were a primary consideration and that it could not "imagine a sentence that would be different than the one it g[ave]" on the day it sentenced Defendant. (Id. at 59–60, 64–65).

Rather than appealing, Defendant moved this Court to vacate her conviction and sentence under 28 U.S.C. § 2255, and the Court denied that motion in June 2020. In August 2020, Defendant filed her first motion for compassionate release under 18 U.S.C. § 3582(c)(1)(A)(i). This Court denied that motion because Defendant failed to show that she exhausted administrative remedies afforded by the federal Bureau of Prisons (BOP). (Doc. No. 52). Defendant subsequently requested compassionate release from BOP, asserting that "extraordinary and compelling" circumstances warranted a reduction in her sentence, including the COVID-19 "global pandemic" and two "underlying medical conditions": "Low Hemoglobin (Anemia), and Hypertension." (Gov't Ex. 1 at 8–9). The BOP denied Defendant's request.

Records supplied by the BOP indicate that Defendant tested positive for COVID-19 on September 11, 2020. (Gov't Ex. 1 at 49–50). She received numerous screenings and evaluations. (Id. at 12–45). Although she reported a loss of taste and smell, nasal congestion, a runny nose, and a sore throat within the days following her test, Defendant did not report other symptoms often associated with COVID-19, including fever, cough, shortness of breath, chills, muscle aches, or abdominal pain. (Id. at 33–45). By September 18, 2020, Defendant was denying all symptoms other than a loss of taste or smell, and the following day she denied "any

-3-

symptoms." (Id. at 24–27). After several further evaluations during which she denied symptoms, records indicate that Defendant was "considered recovered" as of September 25, 2020. (Id. at 12).

On October 16, 2020, Defendant filed the pending motion for compassionate release under 18 U.S.C. § 3583(c)(1)(A)(i), asserting, among other things, that she experiences six "medical issues including obesity, anxiety disorder, myopia, essential (primary) hypertension, chronic periodontitis," and "COVID-19." (Doc. No. 54 at 4). The Government has responded in opposition to the motion.

## II. DISCUSSION

By its terms, 18 U.S.C. § 3582(c)(1)(A) permits the Court to reduce the defendant's term of imprisonment "after considering the factors set forth in [18 U.S.C. § 3553(a)]" if the Court finds, as relevant here, that (i) "extraordinary and compelling reasons warrant such a reduction" and (ii) "such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." § 3582(c)(1)(A)(i). As the movant, the defendant bears the burden to establish that he or she is eligible for a sentence reduction. United States v. Jones, 836 F.3d 896, 899 (8th Cir. 2016); United States v. Green, 764 F.3d 1352, 1356 (11th Cir. 2014).

The Sentencing Commission has issued a policy statement addressing reduction of sentences under § 3582(c)(1)(A). As relevant here, the policy statement provides that a court may reduce the term of imprisonment after considering the § 3553(a) factors if the Court finds that (i) "extraordinary and compelling reasons warrant the reduction;" (ii) "the defendant is not a danger to the safety of any other person or to the community, as provided in 18 U.S.C. §

3142(g);" and (iii) "the reduction is consistent with this policy statement." U.S.S.G. § 1B1.13.[1]

The policy statement includes an application note specifying the types of medical conditions that qualify as "extraordinary and compelling reasons." First, that standard is met if the defendant is "suffering from a terminal illness," such as "metastatic solid-tumor cancer, amyotrophic lateral sclerosis (ALS), end-stage organ disease, [or] advanced dementia." U.S.S.G. § 1B1.13, cmt. n.1(A)(i). Second, the standard is met if the defendant is: (I) suffering from a serious physical or medical condition, (II) suffering from a serious functional or cognitive impairment, or (III) experiencing deteriorating physical or mental health because of the aging process, that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover. U.S.S.G. § 1B1.13, cmt. n.1(A)(ii). The application note also sets out other conditions and characteristics that qualify as "extraordinary and compelling reasons" related to the defendant's age and family circumstances. U.S.S.G. § 1B1.13, cmt. n.1(B)-(C). Finally, the note recognizes the possibility that BOP could identify other grounds that amount to "extraordinary and compelling reasons." U.S.S.G. § 1B1.13, cmt. n.1(D).

Defendant's request for a sentence reduction will be denied because she has failed to demonstrate that she is not a danger to the safety of the community or otherwise merits release

---

[1] The policy statement refers only to motions filed by the BOP Director. That is because the policy statement was last amended on November 1, 2018, and until the enactment of the First Step Act on December 21, 2018, defendants were not entitled to file motions under § 3582(c). See First Step Act of 2018, Pub. L. No. 115-391, § 603(b), 132 Stat. 5194, 5239; cf. 18 U.S.C. § 3582(c) (2012). In light of the statutory command that any sentence reduction be "consistent with applicable policy statements issued by the Sentencing Commission," § 3582(c)(1)(A)(ii), and the lack of any plausible reason to treat motions filed by defendants differently from motions filed by BOP, the policy statement applies to motions filed by defendants as well.

under the § 3553(a) factors.  The Government acknowledges in its response that Defendant's medical conditions, including obesity and hypertension, place her at increased risk of severe illness from the virus that causes COVID-19.  Under the applicable policy statement, however, this Court must deny a sentence reduction unless it determines the defendant "is not a danger to the safety of any other person or to the community."  U.S.S.G. § 1B1.13(2).  Additionally, this Court must consider the § 3553(a) factors, as "applicable," as part of its analysis.  See § 3582(c)(1)(A); United States v. Chambliss, 948 F.3d 691, 694 (5th Cir. 2020).

First, Defendant's crime of conviction and criminal history demonstrate that Defendant remains "a danger to the safety of any other person" and "to the community."  As the Court has noted, Defendant played a large role in an extensive-drug trafficking operation during which she was responsible for multiple kilograms of heroin, her own house served as a "stash house," and she owned a gun to protect the drugs.  Moreover, after Defendant was arrested for her drug-trafficking activity, she was released on bond, and she promptly returned to the same kind of large-scale heroin-trafficking activity for which she was arrested.  That conduct reflects a significant risk that Defendant will return to armed drug-trafficking activity if released, which poses an enormous danger to the community.  Finally, Defendant's history of violating probation for drug-trafficking offenses and her recent prison discipline for possession of drugs or alcohol underscore that risk.

Second, the statute, 18 U.S.C. § 3582(c)(1)(A), requires this Court to "consider[] the factors set forth in section 3553(a) to the extent that they are applicable" before reducing a sentence, and those factors call for Defendant's prison sentence to remain intact.  At sentencing, the Court carefully considered those factors, determined that the statutory factors called for the

sentence this Court imposed, and could not "imagine a sentence" that would be more appropriate than the one it imposed the day it sentenced Defendant. Defendant has identified nothing that would undermine this Court's finding. In addition, Defendant's sentence would be particularly detrimental to the purposes of sentencing because she has served only a fraction of her sentence.

Finally, even if Defendant met all of the statutory requirements, "compassionate release" is "discretionary, not mandatory." United States v. Chambliss, 948 F.3d 691, 693 (5th Cir. 2020). This Court will exercise its discretion to deny Defendant's motion for at least two additional reasons. First, Defendant's own experience with COVID-19 supports a discretionary decision to leave intact the sentence this Court lawfully imposed. The kind of condition that can support compassionate release in appropriate circumstances is one "that substantially diminishe[s] the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover." U.S.S.G. § 1B1.13, comment. n.1(A)(ii)). Defendant previously received a positive test for COVID-19, but she did not experience all of the virus's symptoms, has recovered, and has denied any ongoing symptoms of the virus. Although Defendant's obesity condition under the circumstances meets the requirements of U.S.S.G. § 1B1.13, comment. n.1(A)(ii)(I), her experience indicates that Defendant is less likely than others to become seriously ill from COVID-19, even if re-infected.

Second, Defendant's record contains good reasons that she should continue to serve the sentence this Court previously considered appropriate. The BOP continues to undertake "extensive and professional efforts to curtail the virus's spread." United States v. Raia, 954 F.3d 594, 597 (3d Cir. 2020). And although Defendant identified in her filings with the BOP a place she plans to stay if released, she has failed to demonstrate that she would face a materially lower

risk than she currently faces from COVID-19. More importantly, Defendant has failed to identify anything that would appropriately assure the safety of the public if she were released early. This Court, therefore, has no reason to take the extraordinary step of reducing Defendant's lawfully imposed sentence.

Having thus considered defendant's motion and reviewed the pleadings, the Court enters the following Order.

## ORDER

**IT IS, THEREFORE, ORDERED** that defendant's pro se Second Motion for Compassionate Release/Reduction of Sentence, (#54), is **DENIED**.

Signed: November 30, 2020

Max O. Cogburn Jr
United States District Judge